**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 27, 2023

**LETTER TO ALL PARTIES**

RE: *Gloriana F. v. Commissioner, Social Security Administration*
Civil No. 22-0952-SAG (consolidated)

Dear Plaintiff and Counsel:

On April 9, 2021, Plaintiff, proceeding *pro se*, filed a complaint in the District Court of Maryland for Prince George's County against the Social Security Administration ("SSA" or "Defendant") challenging the SSA's denial of benefits.  ECF 1-3.  Defendant removed the action to this Court on April 19, 2022.[1]  ECF 1.  On June 22, 2022, Judge Hazel consolidated this case with *Gloriana F. v. Kijakazi*, Civil No. 22-1344.[2]  ECF 14.  The SSA filed the Notice of Filing of Official Transcript of Proceedings and Schedule on July 19, 2022.  ECF 16.  Plaintiff's deadline to submit a motion for summary judgment was September 19, 2022, as reflected on the docket entry.  *Id.*  Counsel for the SSA certified that Plaintiff was mailed a copy of the schedule, including the September 19, 2022, deadline, on July 21, 2022.  ECF 17.  Plaintiff did not file a motion by that deadline.  On October 26, 2022, Plaintiff emailed Magistrate Judge Hurson's chambers[3] and defense counsel changing her mailing address and indicating her intent to "put forth [her] best effort to get the Motion for Summary [Judgment] completed as soon as possible."  ECF 18 (under seal).  Judge Hurson extended Plaintiff's deadline to file a motion for summary judgment to December 12, 2022.  ECF 19.  Plaintiff did not file a motion or brief for the requested relief by that deadline.  *See* ECF 20.  On March 6, 2023, Judge Hurson ordered Plaintiff to either file a brief by March 20, 2023, or show cause why the case should not be dismissed without prejudice under Federal Rule of Civil Procedure 41(b).  *Id.*  To date, Plaintiff has not filed a motion, brief, or otherwise responded to Judge Hurson's Order.

---

[1] As noted in Magistrate Judge Hurson's Order dated March 6, 2023, Defendant's "[r]emoval was timely under 28 U.S.C. § 1446 because Defendant had not been properly served with process before removal."  ECF 20, at 1 (citing Md. R. Civ. P. Cir. Ct. 2-124(m); ECFs 1 and 6).

[2] The docket indicates that Plaintiff filed another complaint against the SSA in the U.S. District Court for the District of Columbia on April 11, 2022.  Civ. No. 22-1344, ECF 1.  The case was then transferred to this Court on April 26, 2022.  Civ. No. 22-1344, ECF 3.

[3] This case was initially assigned to Magistrate Judge Hurson pursuant to Standing Order 2021-12.  ECF 5.  Plaintiff was instructed to file a consent or declination to proceed before a U.S. Magistrate Judge by May 19, 2022.  *Id.*  Though Plaintiff indicated consent to proceed before Judge Hurson in her October 26, 2022, email to Judge Hurson's chambers, ECF 18 (under seal), to date, Plaintiff has failed to file a declination or consent on the docket.

Case 8:22-cv-00952-SAG   Document 21   Filed 03/27/23   Page 2 of 2

*Gloriana F. v. Commissioner, Social Security Administration*
Civil No. 22-0952-SAG (consolidated)
March 27, 2023
Page 2

Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Court also possesses "[t]he authority . . . to dismiss [an action] sua sponte for lack of prosecution" as part of its "inherent power." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962). Before doing so, however, the Court should consider the following factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing *Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990)). "The factors supply a guideline rather than a 'rigid four-prong test.'" *Catherine D. v. Comm'r of Soc. Sec.*, No. DLB-19-1370, 2021 WL 1753568, at *1 (D. Md. May 4, 2021).

Considering these factors here, dismissal for lack of prosecution is appropriate. Plaintiff, as a *pro se* litigant, is personally responsible for prosecuting her case. Though *pro se* plaintiffs are afforded some leeway, "they as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989). Additionally, Plaintiff's failure to prosecute her case causes Defendant prejudice. Defendant has no notice of the basis for Plaintiff's appeal, thereby preventing Defendant from mounting a defense. Finally, other sanctions less drastic than dismissal would be of little effect here, as Plaintiff has failed to file a brief in support of her position despite the extended deadline. ECF 20. Plaintiff was advised of the December 12, 2022, deadline extension in writing well in advance. Over three months after the deadline and three weeks after Judge Hurson's warning that failure to prosecute her case could result in dismissal, Plaintiff has failed to file any motion, brief, or otherwise communicate with the Court. Though there is no evidence of a history of dilatory actions by Plaintiff, the other factors counsel in favor of dismissal.

For the foregoing reasons, this action is hereby DISMISSED without prejudice. The clerk is directed to mail a copy of this letter to Plaintiff and CLOSE these consolidated cases.

Despite the informal nature of this letter, it should be flagged as an opinion and shall be docketed as such. A separate implementing Order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge